Judge Owsley
delivered the opinion of the court.*
To an action brought by the defendants in error, against Patrick, upon an obligation given by him to them, Patrick presented and filed the following plea:—
The defendant comes and defends the wrong, &c. and craves oyer of the writing obligatory, &c. and says, that the said writing was executed by him, the defendant, to the plaintiffs, to secure the amount which, upon a settlement of accounts between them, was ascertained to be due the said plaintiffs, but the balance was produced against the defendant by mistake, and avers, that in fact, as he has since discovered, upon accurate settlement of their accounts, nothing is due and owing by the defendant to the plaintiffs, &c.
To this plea, the plaintiffs in the circuit court, (the defendants here) filed a demurrer, which, having been joined, judgment was rendered sustaining the demurrer.
Patrick then presented two other pleas, which were not permitted to be filed, and final judgment rendered against him for the debt in the obligation mentioned, with interest and cost.
With respect to the two last pleas offered by Patrick, we are of opinion the court decided correctly in not allowing them to be filed.
The one which denies the obligation to have been given on any consideration, should, most clearly, have been veri *44 fied by affidavit;—and the other, if not necessary to be verified by oath, as we suppose it substantially defective, was properly rejected by the court.
A plea denying or impeaching the consideration of a bond, should be verifi'd by oath: but if no affidavit of its verity is annexed to the plea, advantage should be taken by objecting to the filing it; not by demurrer.
Hardin for plaintiff, Bibb for defendants in error.
But with respect to the plea to which the plaintiffs in that court demurred, the principle is not perceived, upon which it could have been held invalid.
Assuming its allegations true, (and upon a demurrer they must be so considered,) the consideration upon which the obligation was given, is shewn, beyond all question, to have totally failed, and under the law authorising a defendant, by special plea, to go into and impeach the consideration of sealed writings, such a failure, unquestionably, must be considered as furnishing a valid bar. To authorise the filing of such a plea, its truth should, no doubt, be verified by the defendant’s oath; but for a failure in that respect, objections should be made to the filing of the plea, and not by a demurrer.
The judgment must, therefore, be reversed with cost, the cause remanded, and further proceedings had not inconsistentwith this opinion.

 Absent, Judge Rowan.